IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH CHESTER HILL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-15-0818 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

# MEMORANDUM OPINION
# FOLLOWING LIMITED REMAND

In denying petitioner's section 2254 habeas petition, this Court granted a certificate of appealability as to whether "the state court was objectively unreasonable in determining that petitioner was not prejudiced by trial counsel's deficient performance during the punishment phase of his trial."

Petitioner filed a counseled appeal to the Fifth Circuit Court of Appeals, and moved for an additional certificate of appealability as to whether the state habeas court unreasonably concluded that his trial counsel did not perform deficiently with respect to the admission of two rings and a newspaper article seized during a search of his family's home. The Fifth Circuit issued a limited remand in the appeal, remanding the case to this Court "for the limited purpose of entering reasons for denying [petitioner's] ineffective assistance of counsel claim as it relates to the admission of the rings and the newspaper article." *Hill v. Davis*, Appeal No. 16-20268 (5th Cir. May 4, 2017).

As an initial matter, this Court notes that among her grounds for summary judgment in the section 2254 proceeding, respondent argued that counsel was not deficient in failing to object to the rings and newspaper article. Respondent stated:

> With respect to the rings and newspaper article, the state habeas court specifically found that trial counsel's decision not to further investigate whether Hill's father's consent to the search of the home was reasonable. The state habeas court further determined that trial counsel was not deficient for not contesting the admission of this evidence because the evidence was properly obtained pursuant to Hill's father's consent to a search of the home and, accordingly, was admissible. The TCCA adopted the state habeas court's findings in denying relief. These findings are entitled to a presumption of correctness in the instant forum, which Hill as not rebutted with clear and convincing evidence.

(Docket Entry No. 11, p. 33–34, citations omitted.)

Petitioner did not contest this argument in his response to the motion for summary judgment. (Docket Entry No. 12.) To the contrary, petitioner focused his response on the issues of harmless error and *Strickland* prejudice. Regarding ineffective assistance of counsel, petitioner limited the scope of his response to the following:

A.     This Court Must Determine Whether The State Court Unreasonably Applied The *Strickland* Standard In Concluding That Petitioner Did Not Demonstrate Prejudice.

and

B.     The State Court Unreasonably Applied The *Strickland* Standard In Failing To Consider The Cumulative Effect Of Trial Counsel's Errors In Determining Prejudice.

(Docket Entry No. 12, pp. 7, 8.) No mention was made of the rings or newspaper article in petitioner's response, or of Phillip Hill's consent to the search and counsel's alleged deficient

performance in not objecting to the search, the rings, or the newspaper article. Consequently, petitioner was not entitled to habeas relief or a certificate of appealability as to those claims.

Regardless, petitioner's claim lacks merit, as follows.

## I. STATE HABEAS PROCEEDINGS

Petitioner claimed in his application for state habeas relief, as he did here, that trial counsel was ineffective at the punishment phase of trial in failing to object to admission of evidence seized from petitioner's home pursuant to an allegedly invalid search warrant. The complained-of evidence included a home computer, rings belonging to one of the victims, and a newspaper article reporting the criminal offenses for which petitioner was ultimately convicted. Because the State had presented testimony at trial showing that Phillip Hill, petitioner's father, had consented to having the house searched, petitioner additionally argued that counsel should have challenged the voluntariness of the consent. He contends that, by showing the consent was coerced, counsel could have successfully excluded admission of the rings and newspaper article.

To support his claim of coerced consent, Phillip Hill submitted an affidavit to the state trial court on collateral review, in which he stated that the law enforcement authorities said they would be "gentle" to the house if he consented to the search, but that if they had to get a warrant, they would "not be so nice." He stated that he consented to the search because he was afraid the officers would damage the house if he refused. Inexplicably, Phillip Hill told trial counsel he consented to the search, but did *not* tell him about the alleged coercion.

Phillip Hill argues that it was trial counsel's fault that Hill did not disclose the alleged coercion, because counsel "did not ask me to explain the circumstances under which I gave that consent." Hindsight being perfect, Phillip Hill claims that, had counsel asked, he would have disclosed the officers' alleged coercion.

However, the state court record shows that counsel and Phillip Hill *did* discuss the circumstances under which Hill gave the consent. Phillip Hill's post-conviction affidavit testimony – that he consented to avoid potential damage to the house – was in direct contrast to his testimony at trial. Under direct examination by defense counsel at trial, Phillip Hill testified that he consented to the search because he wanted to cooperate with police and believed petitioner had done nothing wrong:

> Q: The FBI agents talked about a search warrant for the house. But you gave the police consent to search?
>
> A: Correct.
>
> Q: And you gave them that consent because you wanted to cooperate with them?
>
> A: Correct.
>
> Q: And you still believe in [petitioner] and believe in your heart that there wasn't any way he could have done that?
>
> A: Correct.
>
> Q: So, you invited the police officers to come into your house –
>
> A: Yes.
>
> Q: – to search wherever they wanted?

4

> A: Correct.
>
> Q: You didn't restrict their movement in any way, didn't tell them there wasn't [sic] anything they couldn't look at?
>
> A: That's correct.

(Docket Entry No. 4-20, pp. 197–98.) Thus, not only did Phillip Hill testify at trial to consenting to the search, but he explained to the jury the circumstances under which he gave the consent. He did not disclose "coercion" as one of those circumstances.

Trial counsel testified in his own affidavit that, although he had discussed the consent issue with petitioner and Phillip Hill on several occasions, Phillip Hill never told him that the consent had been involuntary:

> The offense reports and records that I examined before trial indicated that [Phillip Hill] gave consent for law enforcement to search his home (where [petitioner] lived) when the officers came to arrest [petitioner] on February 6, 2007. *I investigated [Phillip Hill's] consent by talking to both [petitioner] and [Phillip Hill] about it on several occasions.*
>
> \* \* \* \*
>
> *[Phillip Hill] never told me that his consent was involuntary. Also, I never received information from any source indicating that his consent was involuntary.*
>
> \* \* \* \*
>
> *While I did file a motion to suppress any fruits of [petitioner's] seizure, detention or arrest, I didn't urge it at trial. It was my belief that [petitioner's] home was searched pursuant to consent by [Phillip Hill].*

*Ex parte Hill*, pp. 89–91 (emphasis added).

5

In rejecting petitioner's claims of ineffective assistance, the state trial court made the following relevant findings of fact on collateral review:

> 46. [Petitioner] alleges that he was denied effective assistance of counsel in the punishment phase based upon the failure to seek suppression and object to evidence seized during the search of [petitioner's] residence on the bases that (a) the warrant was invalid due to insufficient probable cause and stale information in the warrant affidavit, (b) the search exceeded the scope of the warrant because warrant affidavit did not identify the contents of the seized computer's hard drive, and (c) the consent to search given by [petitioner's] father to search the home was coerced because of law enforcement officer's statements to [Phillip Hill] about the treatment of his home if he required them to secure a search warrant.
>
> 47. The Court finds, based on a review of the appellate record, that law enforcement officers went to [Phillip Hill's] residence on February 6, 2007, to arrest [petitioner]; that the law enforcement officers requested consent from [Phillip Hill] to search the residence; that [Phillip Hill] consented to the police searching his residence; that [Phillip Hill's] consent was based upon his desire to cooperate with police and his belief that [petitioner] could not have committed these crimes; that [Phillip Hill] did not restrict the police movement or limit their ability to search the residence; and, that the law enforcement officers found and seized [Q.C.'s] two rings, a Baytown newspaper article about these offenses, and a computer and hard drive that contained the names and addresses of each victim, none of which were ever disclosed to the public.
>
> \* \* \* \*
>
> 49. The Court finds, based on a review of the appellate record and the affidavit of [trial counsel], that [trial counsel] was unaware of the existence of a warrant in relation to the search of [petitioner's] home until the punishment stage in [petitioner's] trial, and only believed that the search of [petitioner's] home was based solely upon a voluntary consent given by [Phillip Hill].

6

50. The Court finds, based on a review of the appellate record and the affidavit of [trial counsel], that the results from [counsel's] pre-trial investigation reflected that [Phillip Hill] gave consent to officers to search his residence.

51. The Court finds, based on a review of the appellate record and the affidavit of [co-counsel], that [co-counsel] always believed that the search of the Hill residence was based upon consent provided by [Phillip Hill].

* * * *

53. The Court finds, based on a review of the appellate record and the affidavit of [co-counsel], that a copy of the search warrant or the corresponding affidavit related to the Hill residence was not contained in the State's prosecution file prior to trial.

54. The Court finds, based upon a review of the appellate record and the affidavit of [trial counsel], that [Phillip Hill] never informed [counsel] of any purported coercive statements made by law enforcement officers to secure Hill's consent to search his home.

55. The Court finds, based on a review of the appellate record and the affidavit of [trial counsel], that [Phillip Hill] informed [counsel] that he gave consent to law enforcement officers during their discussions about the search of the Hill residence.

56. The Court finds, based on a review of the appellate record and the affidavit of [trial counsel], that the search of the Hill residence was based solely upon consent given by [Phillip Hill], not pursuant to a search warrant.

57. The Court finds, based on a review of the appellate record and the affidavit of [trial counsel], that *there was no reason for [counsel] to further investigate [Phillip Hill's] consent given to law enforcement officers to enter and search the Hill residence because he did not receive any information indicating that the consent could have been involuntary.*

58. The Court finds, based on a review of the appellate record and the affidavit of [trial counsel], that *[counsel] was informed by [Phillip Hill] that his consent to search his residence was based upon his desire to cooperate with law enforcement and his belief that [petitioner] was innocent.*

\* \* \* \*

63. The Court finds, based on a review of the appellate record and the affidavit of [trial counsel], that *[counsel] did not act in a deficient manner by failing to object to evidence seized in the search of [petitioner's] residence because [Phillip Hill] voluntarily consented to the search.*

64. The Court finds, based on a review of the appellate record and the affidavits of [trial counsel and co-counsel], that although the search warrant is irrelevant to the ultimate search of the Hill residence because it was never executed, the search warrant was valid and legally sufficient to authorize the search of the Hill residence if this warrant had been executed.

*Ex parte Hill*, pp. 114–20 (record citations omitted, emphasis added). The state trial court also made the following relevant conclusions of law:

5. In light of [Phillip Hill's] voluntary consent to search his residence and the fact that the search warrant obtained was never executed, [petitioner] failed to establish that [trial counsel] had a reasonable basis upon which to object to the search of the Hill residence.

6. Based upon the totality of the representation, [petitioner] fails to establish that [trial counsel] acted in an objectively deficient manner and that such deficient performance resulted in prejudice.

*Id.*, pp. 121–22. The Texas Court of Criminal Appeals relied on these findings of fact and conclusions of law in denying habeas relief. *Id.*, cover.

The legal standards for section 2254 proceedings, ineffective assistance of counsel, and summary judgment remain as set forth by this Court in its memorandum opinion and order of March 31, 2016.

The record clearly shows that the search of petitioner's house was not made pursuant to execution of a search warrant, and petitioner presents no probative summary judgment evidence to the contrary. The state trial court found that trial counsel was not ineffective in failing to challenge the search warrant and/or move to suppress under the search warrant, as the search and seizure was undertaken pursuant Phillip Hill's consent, not the search warrant.

Thus, petitioner must show that trial counsel was ineffective under *Strickland* in failing to challenge the admissibility of the rings and newspaper article premised on "coerced consent" for the search. According to petitioner, his father's consent to the search was coerced because the authorities suggested that they would damage the house during the search if petitioner's father required them to obtain a search warrant. However, Phillip Hill admitted he had not told trial counsel about the alleged coercion. To the contrary, Phillip Hill's trial testimony clearly evinces that counsel's understanding of the facts was that Phillip Hill consented to the search because he wanted to cooperate with authorities and because he firmly believed petitioner had done nothing wrong. According to Phillip Hill's own trial testimony, those were the circumstances under which he gave his consent to the search.

The state trial court expressly found that defense counsel was informed by Phillip Hill that his consent to search the residence was based upon his desire to cooperate with law

enforcement and his belief that petitioner was innocent. If Phillip Hill had actually acted under coercion in consenting to the search, he failed to avail himself of several opportunities to provide that information to counsel. The record before this Court evinces no reasonable justification for Phillip Hill's failure to provide the information to counsel. Petitioner provides no argument, much less probative summary judgment evidence, that counsel had any reason to question the explanations provided by Phillip Hill.

The state court rejected petitioner's claims of ineffective assistance of counsel and found that trial counsel was not ineffective. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Petitioner fails to meet his burden of proof under AEDPA, and habeas relief is unwarranted. A certificate of appealability is **DENIED** as to the issue presented on limited remand.

The Clerk of Court is **ORDERED** to supplement the record on appeal with this Memorandum Opinion Following Limited Remand and to administratively close this case.

**SIGNED** at Houston, Texas on the 28th day of June, 2017.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE